1  RICHARD G. CARLSTON (Bar No. 88050)
    (e-mail: rgc@msandr.com)
2  ELIZABETH K. HWANG (Bar No. 201340)
    (e-mail: ekh@msandr.com)
3  MATTHEW C. HENDERSON (Bar No. 229259)
    (e-mail: mch@msandr.com)
4  MILLER, STARR & REGALIA
   A Professional Law Corporation
5  1331 N. California Blvd., Fifth Floor
   Post Office Box 8177
6  Walnut Creek, California 94596
   Telephone:    (925) 935-9400
7
   Attorneys for Plaintiff
8  AMERICAN LAND TITLE ASSOCIATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN LAND TITLE ASSOCIATION, a nonprofit District of Columbia corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation; GREAT AMERICAN ASSURANCE COMPANY, an Ohio corporation; AGRICULTURAL INSURANCE COMPANY, a South Dakota corporation; GROUP9, INC., a Pennsylvania corporation; SEATTLE SPECIALTY INSURANCE SERVICES, INC., a Washington corporation; ZURICH NORTH AMERICAN, an Illinois corporation; ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, a Maryland corporation; EMPIRE INDEMNITY COMPANY, an Oklahoma corporation; TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation; GUARANTY NATIONAL INSURANCE COMPANY, a Colorado corporation; DEERFIELD INSURANCE | No. C 05 4365 PJH<br><br>STIPULATION FOR ENTRY OF <u>JUDGMENT AND JUDGMENT THEREON</u><br><br>Date Complaint Filed:    October 26, 2005 |

| | |
|---|---|
| 1 | COMPANY, an Illinois/Connecticut corporation; SAFECO INSURANCE |
| 2 | COMPANY, a Washington corporation; SAFECO FINANCIAL INSTITUTION |
| 3 | SOLUTIONS, INC., a California corporation; NORTH AMERICAN |
| 4 | CAPACITY INSURANCE COMPANY, a New Hampshire corporation; |
| 5 | BANCINSURE, INC., an Oklahoma corporation; and MATTERHORN |
| 6 | FINANCIAL SERVICES, INC., a Maryland corporation, |
| 7 | |
| | Defendants. |
| 8 | |

## STIPULATION

The following Stipulation for Entry of Judgment is entered into between AMERICAN LAND TITLE ASSOCIATION ("ALTA") and Safeco Insurance Company of America (incorrectly named Safeco Insurance Company) and Safeco Financial Institution Solutions (collectively "Safeco"), by and through their respective counsel.

WHEREAS on or about October 26, 2005, ALTA filed a complaint entitled "Complaint for (1) Declaratory Relief and (2) Injunctive Relief" ("Complaint") in the United States Federal Court, Northern District of California, (*ALTA v. Great American Insurance Co., et. al.*, No. 05-4365 PJH (the "Action").

WHEREAS the Action names as defendants the following parties: Great American Insurance Company, Great American Assurance Company, Agricultural Insurance Company, Group9, Inc., Seattle Specialty Insurance Services, Inc., Zurich North American, Zurich American Insurance Company, Fidelity & Deposit Company of Maryland, Colonial American Casualty and Surety Company, Empire Indemnity Company, Travelers Indemnity Company of America, Guaranty National Insurance Company, Deerfield Insurance Company, Safeco Insurance Company, Safeco Financial Institution Solutions, Inc., North American Capacity Insurance Company, Bancinsure, Inc., Matterhorn Financial Services, Inc. ("Defendants").

WHEREAS the Complaint generally alleges that the Defendants, and each of them, have either issued, marketed, offered or sold, or continue to issue, market, offer or sell, either directly or indirectly (e.g., through affiliates or producers), certain types of insurance,

surety or indemnity products, that violate the mono-line statutes of various states. The Complaint generally refers to these challenged insurance, surety or indemnity products as "mortgage impairment insurance".

WHEREAS the Complaint alleges a cause of action for declaratory relief regarding the legality of these challenged insurance, surety or indemnity products and a cause of action for injunctive relief seeking to prohibit the Defendants, and each of them, from issuing, marketing, offering or selling, such challenged insurance, surety or indemnity products.

WHEREAS the Complaint specifically alleges that defendants Safeco Financial Institution Solutions, Inc, and Safeco Insurance Company of America (collectively "Safeco") offers an insurance policy, which includes mortgage impairment/lien priority coverage.

WHEREAS defendant Safeco Financial Institution Solutions, Inc. ("SFIS") has declared that in 2003 it considered issuing a product known as a Home Equity Loan Protection (HELP) policy, and that CUNA Mutual issued ten such master policies on its behalf to lenders from January 1, 2003 to April 15, 2003.

WHEREAS, defendant SFIS has declared that legal cancellation notices were sent on April 15, 2004, with an effective date of June 15, 2004.

WHEREAS, defendant SFIS has declared that it has not issued, marketed, offered or sold the policy identified as HELP nor any other kind of mortgage impairment insurance since 2003.

WHEREAS defendant Safeco has agreed that unless and until current law changes it will not issue, market, offer or sell, the policy identified as HELP, nor any other kind of mortgage impairment insurance, nor will defendant Safeco participate, assist or cooperate with any producer, third party or other entity in issuing, marketing, offering or selling, such challenged insurance, surety or indemnity products.

WHEREAS defendant Safeco has agreed that, in consideration of dismissal from the Action, it will abide by the injunction generally prayed for in the Complaint regarding the issuance of any kind of mortgage impairment insurance.

1        IT IS HEREBY STIPULATED AND AGREED between ALTA and Safeco, by
2  and through their respective counsel, that:
3        1.    ALTA and defendant Safeco stipulate the above Recitals shall be
4  incorporated into this Stipulation.
5        2.    ALTA and defendant Safeco stipulate to the entry of judgment in favor of
6  ALTA, and against defendant Safeco, in which defendant Safeco agrees to the terms of a
7  permanent injunction in the form of a judgment that reads as follows:

> Defendant Safeco, and its agents, servants and employees and all persons (including all entities) acting under, in concert with, or for them, are hereby enjoined and prohibited from issuing, marketing, offering and/or selling any insurance, surety or indemnity product providing mortgage impairment insurance coverage (defined to be insurance that purports to provide coverage for loss arising from undisclosed senior liens or encumbrances) in any state. This stipulated judgment will terminate as to any state which amends its laws to permit Safeco to provide mortgage impairment insurance coverage under, or pursuant to, its existing insurance license; provided, however, the injunction shall remain as to all other states. This will permit mortgage impairment insurance in any state under their existing insurance license.

21       3.    In consideration for defendant Safeco's representation that it does not issue
22 any mortgage impairment insurance in any state and its agreement to the stipulated injunction
23 above, ALTA shall move to dismiss defendant Safeco from the Action with prejudice.
24       4.    ALTA and defendant Safeco stipulate that each respective party shall be
25 responsible for its own attorney's fees, costs and expenses, and that no costs shall be applied for,
26 or received, by either party.
27       IT IS SO STIPULATED.
28

Dated: 3/28/06

MILLER, STARR & REGALIA

By: _____
RICHARD G. CARLSTON
Attorneys for Plaintiff
AMERICAN LAND TITLE
ASSOCIATION

Dated: March 24, 2006

By: _____
Susan H. Ephron
Attorney for Defendants
SAFECO INSURANCE COMPANY OF
AMERICA and SAFECO FINANCIAL
INSTITUTION SOLUTIONS, INC

## JUDGMENT

Pursuant to the foregoing stipulation entered into by Plaintiff ALTA and Defendant Safeco, by and through their respective counsel, and good cause appear therefrom,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. ALTA and defendant Safeco stipulate to the entry of judgment in favor of ALTA, and against defendant Safeco in which defendant Safeco agrees to the terms of a permanent injunction in the form of a judgment that reads as follows:

> Defendant Safeco, and its producers, agents, servants and employees and all persons (including all entities) acting under, in concert with, or for them, are hereby enjoined and prohibited from issuing, marketing, offering and/or selling any insurance, surety or indemnity product providing mortgage impairment insurance coverage (defined to be insurance that purports to provide coverage for loss arising from undisclosed senior liens or encumbrances) in any state. This stipulated judgment will

terminate as to any state which amends its laws to permit Safeco to provide mortgage impairment insurance coverage under, or pursuant to, its existing insurance license; provided, however, the injunction shall remain as to all other states. This will permit mortgage impairment insurance in any state under their existing insurance license.

2. The Complaint filed by ALTA, as against defendant Safeco only, shall be dismissed with prejudice.

3. Neither ALTA nor defendant Safeco shall be awarded costs of suit or recovery of attorney fees and litigation expenses.

IT IS SO ORDERED.

Dated: 3/30/06



IT IS SO ORDERED
Judge Phyllis J. Hamilton