United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMERICAN LAND TITLE ASSOCIATION,

    Plaintiff,

    v.

GREAT AMERICAN INSURANCE COMPANY, et al.,

    Defendant.

_____/

No. C 05-4365 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

    Defendants' motions to dismiss the above-entitled action came on for hearing before this court on May 10, 2006. Plaintiff American Land Title Association appeared by its counsel Richard G. Carlston and Basil Shiber. Defendants Zurich American Insurance Company, Fidelity & Deposit Company of Maryland, Colonial American Casualty and Surety Company, and Empire Indemnity Insurance Company ("the Zurich defendants") appeared by their counsel Kirk A. Patrick. Defendants Great American Insurance Company, Great American Assurance Company f/k/a Agricultural Insurance Company, and Seattle Specialty Insurance Services, Inc. ("the Great American defendants") appeared by their counsel Michael L. McCluggage. Defendant Group9, Inc. ("Group9") appeared by its counsel Christopher Banys, Michael Reedy, and Christine Peek. Defendants Matterhorn Financial Services, Inc. and Bancinsure, Inc. ("the Matterhorn defendants") appeared by their counsel Edward F. Donohue. Defendant Deerfield Insurance Company ("Deerfield")

appeared by its counsel Rebecca Benhuri. Defendants Guaranty National Insurance Company, North American Capacity Insurance Company, and Travelers Indemnity Company ("the Guaranty defendants") appeared by their counsel Larry M. Golub. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motions as follows.

## BACKGROUND

This is a case seeking declaratory and injunctive relief. Plaintiff American Land Title Association ("ALTA") is a "national trade association incorporated as a nonprofit corporation under the laws of the District of Columbia," with its principal offices also located in D.C. Cplt ¶ 1. ALTA has some hundreds of members – "entities and individuals involved in the title insurance industry, including licensed title insurers, title agents and underwritten title companies" – located throughout the United States. ALTA's primary purpose is to "represent and advocate on behalf of the title insurance industry." Cplt ¶ 2.

ALTA filed this action, alleging diversity jurisdiction, against 18 insurance companies or insurance-related corporations, incorporated in various states. ALTA alleges that each of the defendants has been selling "mortgage impairment" or "lien priority" insurance, which insures against the risk of loss arising out of undisclosed liens or encumbrances senior to the insured mortgage. ALTA claims that only licensed title insurers can sell title insurance, and that lien priority insurance is a type of title insurance. ALTA asserts that defendants – who are not licensed title insurers – have unlawfully been selling title insurance under the guise of mortgage impairment or lien priority insurance.

ALTA seeks a judicial declaration 1) that the mortgage impairment or lien priority policies being sold by defendants, in various markets all over the United States, are actually policies of title insurance; 2) that an insurer not having a title insurance licence is prohibited from insuring the risk of loss arising from an undisclosed senior lien or encumbrance, and is prohibited from issuing mortgage impairment or lien priority policies; and 3) that defendants have wrongfully issued, marketed, and sold the referenced mortgage impairment or lien priority policies. ALTA also seeks an order permanently

enjoining these defendants from selling policies of mortgage impairment or lien priority insurance anywhere in the United States.

Two of the 18 named defendants – Safeco Insurance Company of America and Safeco Financial Institutions Solutions, Inc. – have been dismissed from the action. Another two – Great American Assurance Company and Agricultural Insurance Company – are the same entity (counting as one defendant). That entity and the other 14 defendants have either moved to dismiss, on various grounds, or have filed a notice of joinder in the motions to dismiss.

Four groups of defendants have moved to dismiss, and four individual defendants have filed notices of joinder. The Zurich defendants move to dismiss for lack of subject matter jurisdiction, and for dismissal for improper joinder. The Great American defendants move to dismiss for lack of subject matter jurisdiction, and for failure to state a claim. They also seek dismissal on the remaining grounds argued by the other defendants. Group9 and the Matterhorn defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim, and also argue that the court should abstain from hearing this case. Deerfield and the Guaranty defendants filed notices of joinder in the motions filed by the other defendants.

**DISCUSSION**

A.  Defendants' Motions

First, defendants move to dismiss pursuant to Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction because there is not complete diversity between all defendants and all members of ALTA. They argue that this motion should be dispositive, but in the event that it is not, assert that the complaint can be dismissed on one or more of the other grounds asserted.

Second, defendants argue that ALTA has no private right of action to assert the claims alleged in the complaint. Some defendants argue that this means the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim, while others contend that this means that ALTA lacks standing to pursue the claim and the complaint

3

should be dismissed for lack of subject matter jurisdiction.

Third, defendants move under Federal Rule of Civil Procedure 20 for an order dismissing all claims except those against the first-named defendant, Great American Insurance Co., arguing that the other defendants were improperly joined, as the claims against the remaining defendants do not meet the requirements for permissive joinder.

Fourth, defendants contend that the court should abstain from adjudicating this case under the Declaratory Judgment Act, 28 U.S.C. § 2201, based on concerns of comity, and based on the fact that each state regulates the practice of insurance and each state provides ALTA or its members reasonable alternative remedies.

The court finds that the complaint must be dismissed for lack of subject matter jurisdiction, because there is not complete diversity between ATLA and its members and all defendants. Because there is no subject matter jurisdiction, the court does not decide the question of the existence of a private right of action or the question whether joinder is proper. Finally, because the court also declines to exercise jurisdiction under the Declaratory Judgment Act, the dismissal is without leave to amend.

B.   Subject Matter Jurisdiction

Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. Id. Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

When presented with a Rule 12(b)(1) motion, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. See, e.g., Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001). The defendant may either challenge jurisdiction on the face of the complaint or provide extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. White v. Lee, 227 F.3d 1214,

4

1242 (9th Cir. 2000).

ALTA brings this action "in a representative capacity on behalf of its licensed title insurer members," and alleges jurisdiction solely on the basis of diversity of citizenship. Cplt. ¶¶ 1, 22. ALTA asserts that diversity is established because it is a citizen of the District of Columbia, with its principal place of business also in D.C., and does not share citizenship with any defendant. Id. In the prayer for relief, ALTA prays for judgment "on behalf of its members."

Defendants move to dismiss the complaint for lack of subject matter jurisdiction, arguing that there is no diversity of citizenship between the parties. Defendants argue when an incorporated association sues in a representational capacity on behalf of its members, as ALTA has in the present case, rather than in an individual capacity for harm to itself, it is those members who are the real parties to the controversy, not the corporation.

In opposition, ALTA argues that because it is a corporation, its state of incorporation and residency should determine diversity jurisdiction. In the alternative, ALTA asserts that while it did file the present action in a representational capacity, it is not acting solely as a conduit for its members and does not seek to assert contractual rights of its members. Instead, ALTA contends, it has distinct interests separate and apart from those of its members.

ALTA claims that it has suffered injury itself, in addition to the injury allegedly suffered by its members. ALTA asserts that one of its key functions is the standardizing of products for title insurance industry use, and argues that defendants' "unlawful" products compete with and threaten to supplant ALTA's functions of creating, amending, and distributing its title policy forms. ALTA also contends that its members have delegated to it various lobbying and advocacy responsibilities. ALTA argues further that "the general public" is implicated in the claims asserted in this action, because a declaratory relief judgment in this case will affect the rights of ALTA and the general public, and that the interests at issue are therefore not solely those of ALTA's members. ALTA proposes that,

5

if the complaint is dismissed for lack of subject matter jurisdiction, it be permitted to file an amended complaint to allege that "ALTA has also suffered direct injury."

The court finds that the complaint must be dismissed for lack of subject matter jurisdiction. The complaint plainly asserts that ALTA brings the action in a representative capacity. For example, ALTA alleges in the second cause of action for injunctive relief, that unless the court grants the remedy sought, ALTA's "[m]embers will sustain great and irreparable injury to their economic and legal rights," Cplt. ¶ 110; that ALTA's members "have no adequate remedy at law" for the alleged impact that defendants' products have on their business, Cplt. ¶ 111; and that injunctive relief is necessary to preserve the status quo "so as to avoid irreparable injury to ALTA's [m]embers," Cplt. ¶ 112. ALTA also alleges that "the amount in controversy exceeds the sum of $75,000 with respect to each of ALTA's members," Cplt. ¶ 22.

Because ALTA is suing in a representative capacity, it is the citizenship of ALTA's title insurer members that controls in this case for purposes of diversity jurisdiction analysis. The general rule that the place of incorporation and principal place of business controls the citizenship of corporations for diversity jurisdiction purposes does not apply in this case, as the general rule presupposes that a corporation is suing on its own behalf. See Zee Med. Distrib. Ass'n, Inc. v. Zee Med., Inc., 23 F.Supp. 2d 1151, 1155 (N.D. Cal. 1998); see also Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2005) § 7:3.1c.

When any organization, including a corporation, sues in a representative capacity, "its legal status is regarded as distinct from its position when it operates in an individual capacity," and when it sues solely in a representational capacity, it is not the "real party to the controversy" for purposes of diversity." Zee Medical, 23 F.Supp. at 1155-56. The rule that the requirement of complete diversity applies between the real parties to a controversy is independent of the nature of the relief sought and is as applicable to injunction cases as it is to damages cases. Nat'l Ass'n of Realtors v. Nat'l Real Estate Ass'n, Inc., 894 F.2d 937, 941 (7th Cir. 1990). Accordingly, because some of ALTA's members are licensed as title insurers by the same states in which some of the defendants are incorporated and

domiciled, there is no complete diversity, and the case must be dismissed.

The request for leave to file an amended complaint is DENIED. It is ALTA that bears the burden of establishing subject matter jurisdiction. See Kokkonen, 511 U.S. at 377; Tosco, 236 F.3d at 499. At the hearing, counsel for ALTA conceded that there is no complete diversity in this case. It is irrelevant for purposes of this analysis whether ALTA can allege distinct interests separate from those of its members. Were the court allow ALTA to amend the complaint to allege that it seeks relief on its own behalf, there would still not be diversity because the allegations regarding the interests of ALTA's members would require that the court consider that ALTA's members are real parties to the controversy.

There is no authority to support ALTA's request, made at the hearing, to amend the complaint to add allegations of injury to ALTA, and to delete the allegations that ALTA is seeking relief on behalf of its members. Amendment is permitted under 28 U.S.C. § 1653 to correct "defective allegations of jurisdiction," not to create jurisdiction where none existed previously. The amendment proposed by ALTA would completely alter the theory of the case, not simply correct a defect in pleading. A plaintiff may be given leave to amend a complaint to show that jurisdiction does exist, but "if there is no federal jurisdiction, it may not be created by amendment." Moore's Federal Practice, § 15.14[3]. Put another way, where the existence of subject matter jurisdiction is not disclosed in the original complaint, the court lacks power to grant leave to amend or to do anything except dismiss the case. See Morongo Band of Mission Indians v. Calif. State Board of Equalization, 858 F.2d 1376, 1381 n.2 (9th Cir. 1988).

C.   Abstention under the Declaratory Judgment Act

Even assuming, for the sake of argument, that ALTA had established subject matter jurisdiction, the court would nonetheless abstain from exercising jurisdiction. The Declaratory Judgment Act, 28 U.S.C. § 2201, states that a federal court "may" grant declaratory relief "in a case . . . within its jurisdiction." 28 U.S.C. § 2201. This is an authorization, not a command to do so. Brillhart v. Excess Ins. Co. of America, 316 U.S.

1  491, 494 (1942).  Thus, jurisdiction over requests for declaratory relief is permissive, Public
2  Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112 (1962), even where the court has
3  subject matter jurisdiction.  There is neither a presumption in favor of abstention in
4  declaratory relief actions, nor a presumption in favor of retaining jurisdiction.  Schwarzer, et
5  al., § 10:45 (citing Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir.
6  1998) (en banc); and Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 803 (9th Cir.
7  2002)).

8  Although the district court cannot refuse to entertain a declaratory relief action as a
9  matter of whim, the exercise of declaratory relief jurisdiction is not automatic or obligatory.
10 Id.  "In the declaratory judgment context, the normal principle that federal courts should
11 adjudicate claims within their jurisdiction yields to considerations of practicality and wise
12 judicial administration."  Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).  Unlike
13 general abstention principles, no showing of "exceptional circumstances" is required to
14 support the district court's decision to abstain from hearing a declaratory relief action.  Id. at
15 286-89.

16 In Brillhart, the Supreme Court identified three factors useful in determining whether
17 a federal court should exercise its discretion to abstain from federal jurisdiction under the
18 Declaratory Judgment Act – whether the federal court is being asked to needlessly
19 determine issues of state law, whether the parties filed the declaratory relief action in an
20 attempt to avoid state court proceedings, and whether there is a risk of duplicative litigation.
21 Brillhart, 316 U.S. at 497; see also Schwarzer, et al., §§ 10:47-10:49.1.

22 Other relevant consideration are whether the declaratory relief action will settle all
23 aspects of the controversy, whether the declaratory relief action will serve a useful purpose
24 in clarifying the legal relations at issue; whether the declaratory relief action is being sought
25 merely for the purpose of procedural fencing or to obtain a "res judicata" advantage;
26 whether the use of declaratory actions will result in entanglement between federal and state
27 court systems.  Dizol, 133 F.3d at 1225 & n.5.

28 ALTA argues that the court is not being needlessly asked to determine issues of

state law, because there are no pending parallel state court proceedings, and asserts that the forum-shopping concerns raised by Brillhart do not apply because ALTA's suit is not reactive or defensive. ALTA contends further that dismissal of this lawsuit will not serve the purpose of avoiding duplicative litigation, because there is no question of any parallel proceeding.

The court finds that this case is an appropriate one in which to decline to exercise jurisdiction under the Declaratory Judgment Act, given ALTA's goal in seeking what amounts to nationwide declaratory and injunctive relief. The fact that insurance regulation is a matter that is left up to the states militates against the exercise of jurisdiction under the Declaratory Judgment Act, as does the fact that courts in fewer than half the states have ruled to date on the question whether the "lien protection" policy is a policy of title insurance.

Each individual state must decide who can be licensed to sell title insurance policies within its borders. Each state has a strong interest in having the issue decided in its own courts, not in a federal district court in California. Any individualized issues regarding the lien priority policies can be more efficiently resolved in the individual state courts, which are more familiar with the laws of insurance regulation of their particular states. Retaining jurisdiction could also lead to unnecessary entanglement between state and federal court systems.

**CONCLUSION**

In accordance with the foregoing, defendants' motion is GRANTED. The request for leave to amend is DENIED.

**IT IS SO ORDERED.**

Dated: May 16, 2006

PHYLLIS J. HAMILTON
United States District Judge

9